# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARTIN DIAZ** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:08cv1425-LG-RHW** |
| | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **HOMELAND SECURITY; UNITED** | § | |
| **STATES CITIZENSHIP &** | § | |
| **IMMIGRATION SERVICES; JANET** | § | |
| **NAPOLITANO, IN HER OFFICIAL** | § | |
| **CAPACITY AS SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; MICHAEL AYTES, IN HIS** | § | |
| **OFFICIAL CAPACITY AS DIRECTOR** | § | |
| **OF UNITED STATES CITIZENSHIP &** | § | |
| **IMMIGRATION SERVICES; DAVID** | § | |
| **ROARK, IN HIS OFFICIAL CAPACITY** | § | |
| **AS DIRECTOR OF TEXAS SERVICE** | § | |
| **CENTER; CINDY GOMEZ, DISTRICT** | § | |
| **DIRECTOR, UNITED STATES** | § | |
| **CITIZENSHIP & IMMIGRATION** | § | |
| **SERVICES, NEW ORLEANS DISTRICT** | § | |
| **OFFICE** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING REMAND AND DENYING REMAINING MOTIONS AS MOOT

BEFORE THE COURT are Defendants United States Department of Homeland Security,

United States Citizenship & Immigration Services, Janet Napolitano, Michael Aytes, David

Roark, and Cindy Gomez's First Motion to Dismiss for Lack of Jurisdiction and Failure to State

a Claim for Which Relief Can Be Granted, or Alternatively, First Motion for Summary

Judgment, or Alternatively Motion to Remand [5], Second Motion to Dismiss [14], and Plaintiff

Martin Diaz's Motion to Stay Administrative Proceedings [19]. Diaz filed this action when he

was not naturalized within 120 days of his naturalization interview. Defendants argue (1) the

Court has no subject matter jurisdiction and (2) the Complaint fails to state a claim because they acted in conformity with their regulations under the facts of the case. Defendants argue in the alternative (3) for summary judgment because the jurisdictional facts are intertwined with the merits. Defendants ask the Court to alternatively (4) remand so they may continue to investigate and determine if Diaz is eligible for naturalization. Finally, Defendants claim (5) that the case is moot because they have determined that he is ineligible. Diaz asks the Court to stay further administrative proceedings so he will not lose his opportunity for further administrative remedies. The Court has considered the parties' submissions and the relevant legal authority. The motion to remand is granted. Although the Court has subject matter jurisdiction, the case is remanded back to the agency for further administrative proceedings.

### FACTS AND PROCEDURAL HISTORY

According to the Complaint, Diaz is a Mexican citizen currently residing in Biloxi, Mississippi. He applied for naturalization. On July 23, 2008, Defendants interviewed him as part of the naturalization process. He was initially approved and scheduled to take the oath of allegiance on October 24. On that day, he informed Defendants that he had been arrested on October 6. Defendants removed his name from the list of approved applicants, did not allow him to take the oath, and instead gave him thirty days to provide additional information concerning the arrest. He was warned that "failure to do so may result in the denial of your application." (Compl. Ex. E).

He filed this action for naturalization on November 21, invoking jurisdiction via 8 U.S.C. § 1447(b), federal question, and mandamus. Defendants did not officially reopen his application until January of 2009. The next month, Defendants challenged this Court's subject matter

jurisdiction and alternatively sought remand.

## DISCUSSION

### JURISDICTION

Defendants argued in their opening brief that there was no subject matter jurisdiction, the Complaint fails to state a claim because they acted in conformity with their own regulations, and those actions were "substantially justified and reasonable." In their rebuttal they claim there is concurrent jurisdiction. Diaz argues there is exclusive subject matter jurisdiction because no final decision was rendered within 120 days of his interview.

The United States Code provides, in part:

> If there is a failure to make a determination under section 335 [8 U.S.C. 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). The "examination" refers to the United States Citizenship and Immigration Service's initial interview of the applicant. *Walji v. Gonzales*, 500 F.3d 432, 436 (5th Cir. 2007). Therefore, unless a decision was made within 120 days of Diaz's July 23, 2008 interview, that is by November 20, this Court has jurisdiction to determine his eligibility for citizenship. No such final determination was made, and so this case was filed on November 21. Therefore, this Court has subject matter jurisdiction over the instant action.

### SUMMARY JUDGMENT

Defendants next argue they are entitled to summary judgment, because the jurisdictional facts are intertwined with the merits of whether Diaz is eligible for naturalization and whether or

not Defendants conformed with their own regulations. According to the jurisdictional statute, the only operative facts at issue are whether 120 days have passed since his interview, without a final approval or denial of his eligibility for naturalization. These facts do not implicate whether or not he is in fact eligible, or whether Defendants acted appropriately.

REMAND

Defendants alternatively ask the Court to remand the matter in deference to the agency's expertise in determining whether Diaz should be granted or denied eligibility. Defendants have since issued a letter to Diaz denying his eligibility because he has drug charges pending against him. He asks the Court to rule on his eligibility instead.

Having subject matter jurisdiction over this case, the Court is vested with the authority to either determine Diaz's eligibility or to remand the case to the agency with instructions. As the parties both point out, eligibility for naturalization was historically handled by Article III courts. 8 U.S.C. § 1421(a) (1989). Appeals of final decisions of the agency are subject to *de novo* review in this Court, "and the Court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c); *Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 1983). The Supreme Court has held that *Chevron* deference to agency interpretations of statutes, however, "is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" *Immigration & Naturalization Serv. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999). "When the [Board of Immigration Appeals] has not spoken on 'a matter that statutes place primarily in agency hands,' our ordinary rule is to remand to 'giv[e] the BIA the opportunity to address the matter in the first instance in light of its own

4

experience.'" *Negusie v. Holder*, 129 S. Ct. 1159, 1164 (2009) (quoting *Immigration &*

*Naturalization Serv. v. Ventura*, 537 U.S. 12, 16-17 (2002)).  The ordinary rule is to remand,

except in rare cases, where the agency can bring its expertise to bear on the issue, it can evaluate

the evidence, make an initial determination, and in doing so can through an informed discussion

and analysis help a court later determine whether its decision exceeds the leeway the law

provides.  *Negusie*, 129 S. Ct. at 1168.  It is not yet clear whether this case will implicate

*Chevron* concerns.  Diaz will be able to avail himself of district court de novo review of any

agency decision whether the Court keeps the case or remands it.  It may be that the agency will

ultimately determine that he is eligible for naturalization.  Applying these rules to the case at

hand, the Court believes that the best course is to remand this case for further prompt

administrative proceedings.  *See*, *Walji*, 500 F.3d at 439 ("we are satisfied that the district court

will remand to the Service where there should be no impediment to the prompt resolution of the

application.").

Since this case the Court is granting the motion to remand, the remaining motions are

rendered moot.  Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above,

Defendants' First Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State

a Claim Upon Which Relief Can Be Granted, or in the Alternative, for Motion Summary

Judgment, or in the Alternative, Motion to Remand [5] should be, and is hereby **GRANTED.**

The case is dismissed without prejudice and remanded back to the agency for further prompt

administrative proceedings.

**IT IS FURTHER ORDERED AND ADJUDGED** that the remaining motions [14, 19]

are **DENIED** as moot.

      **SO ORDERED AND ADJUDGED** this the 23rd day of September, 2009.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE